UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

    Plaintiff,

vs.

DAYTON AREA BOARD OF
REALTORS, *et al.*,

    Defendants.

Case No. 3:21-cv-253

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING PLAINTIFF'S AMENDED COMPLAINT (Doc. No. 11) WITH PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2); (2) DENYING A CERTIFICATE OF APPEALABILITY; (3) CERTIFYING THAT ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL; (4) DENYING AS MOOT PLAINTIFF'S REMAINING MOTIONS (Doc. Nos. 8, 9); AND (5) TERMINATING THE CASE ON THE DOCKET**

---

This civil case is before the Court for a *sua sponte* review—pursuant to 28 U.S.C. § 1915(e)(2)—of *pro se* Plaintiff James E. Washington's amended complaint. Doc. No. 11. *Sua sponte* review is warranted because the Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No. 1. *Sua sponte* review occurs before issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such [frivolous, malicious, or repetitive] lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

Plaintiff, a former real estate agent, names as Defendants the Dayton Board of Realtors and its various members. Doc. No. 11. After initial review, Judge Ovington dismissed Plaintiff's complaint without prejudice, while granting him leave to amend. Doc. No. 6. The amended

complaint and Plaintiff's supplement to that amended complaint are now before the Court for further § 1915 review. Doc. Nos. 11, 12.

## I.

In conducting a § 1915(e)(2) *sua sponte* review, a complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A complaint sets forth no arguable factual basis where the allegations are "fantastic or delusional." *Neitzke*, 490 U.S. at 327-28. A complaint presents no arguable legal basis by advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Id.*; *see Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plausible complaint raises "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In conducting an initial review under § 1915, the Court accepts a *pro se* plaintiff's allegations as true and "construe filings by *pro se* litigants liberally." *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006) (citing *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005)). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), *pro se* plaintiffs must still satisfy basic pleading requirements, *see Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

**II.**

Although Plaintiff amended his complaint, it still contains several of the same deficiencies that Judge Ovington identified in her prior order. Plaintiff alleges:

> The Board of Realtors, along with Defendants, Board of Directors, CEO Jackson and with certain Defendants all conspired to deprive Plaintiff Washington of his civil rights with a common discriminatory objective to cheat Plaintiff out of sales commissions and to shut up Plaintiff's questions and allegations in reference to The Dayton Board of Realtors partnership with HUD who was at the root cause of discrimination and redlining starting in Md in 1934 and spreading all over the USA including Dayton, Ohio.

Doc. No. 11 at PageID 80–81.

Despite liberally construing Plaintiff's complaint, the Court find that it fails to state a plausible claim for relief under 42 U.S.C. § 1985. As Judge Ovington previously wrote, Plaintiff, in a conclusory manner, alleges that Defendants engaged in a conspiracy against him. *See* Doc. No. 6 at PageID 44 (quoting *Aladimi v. Hamilton Cnty Just. Ctr., et al.*, No. 1:09-cv-398, 2012 WL 292587, at *18 (S.D. Ohio, Feb. 1, 2012), *report and recommendation adopted*, 2012 WL 529585 (S.D. Ohio, Feb. 17, 2012)). He still does not provide any facts that link the alleged conspirators and their conduct, including "facts sufficient to indicate 'any sort of "meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him of his civil rights.'" *Walton v. Doaks-Robertson*, No. 19-5714, 2020 WL 3578488, at *3 (6th Cir. Feb. 28, 2020) (quoting *Amadasu v. Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008)) (district court properly dismissed under § 1915(e) where complaint made "conclusory assertion" of a "plan" to deny plaintiff's civil rights). Rather, his recitations that Defendants "conspired to deprive [him] of his civil rights with a common discriminatory objective to cheat [him] out of sales commissions" are "vague and conclusory" and insufficient to survive § 1915 review. Doc. No. 11 at PageID 80; *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). Moreover, his allegations—that Defendants are interfering with his real estate business—fail due to *res judicata*, as this Court

previously dismissed similar claims he alleged against other Dayton-based real estate brokers, which he should have previously litigated in that action.  *Washington v. Vendors Res. Mgmt.*, No. 3:19-cv-402, 2020 WL 1814139, at *2–3 (S.D. Ohio Apr. 9, 2020); *see Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) (noting that *res judicata* applies where there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action" (internal quotations omitted) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).  Finally, his claim is foreclosed by § 1985's (as well as § 1983's) statute of limitations.  *See* Doc. No. 6 at PageID 45 (citing *Quigley v. Abel*, No. 2:20-cv-5146, 2020 WL 6390163, at *4 (S.D. Ohio Nov. 2, 2020), *report and recommendation adopted*, No. 2:20-cv-5146, 2020 WL 7230016 (S.D. Ohio Dec. 8, 2020)).

Accordingly, the Court **ORDERS** Plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).  For the reasons set forth above, the Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal in this case by Plaintiff would be objectively frivolous and not taken in good faith.  Consequently, Plaintiff should be denied leave to proceed *in forma pauperis* on appeal.  Plaintiff's remaining motions (Doc. Nos. 8, 9) are **DENIED AS MOOT**.  This case is **TERMINATED** on the docket.

    **IT IS SO ORDERED.**

May 19, 2022                                                      s/Michael J. Newman
                                                                       Hon. Michael J. Newman
                                                                       United States District Judge